UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br>　　　　　　　　Plaintiff<br>　　　v.<br><br>HOPE J. BELLINO<br>JOSEPH M. BELLINO<br>　　　　　　　　Defendants | Civil Action No: 16-01384 |

MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S MOTION TO ALLOW WITNESS TESTIMONY BY
CONTEMPORANEOUS TRANSMISSION PURSUANT TO FED.R.CIV.P. 43(a)

　　　　This matter is scheduled for oral argument and an evidentiary hearing for February 2, 2017 on Plaintiff's Motion for Default Judgment. Plaintiff, for the reasons set forth in this Motion, requests that its witness be permitted to appear and testify telephonically pursuant to Rule 43 of the Federal Rules of Civil, which governs the taking of testimony at trial. Rule 43(a) provides:

> In every trial, the testimony of witnesses shall be taken in open court, unless a federal law, these rules, the Federal Rules of Evidence, or other rules adopted by the Supreme Court provide otherwise. The court may, for good cause shown in compelling circumstances and upon appropriate safeguards, permit presentation of testimony in open court by contemporaneous transmission from a different location.

　　　　Given the nature of the proceeding, the issues to be addressed, the nature of the testimony, and the absence of any opposition from the Defendant, good cause is shown and compelling circumstances are present in this case. As indicated in *In re Vioxx Products Liability Litigation,* 439 F.Supp.2d 640 (E.D.La. 2006), in finding that contemporaneous transmission of a witness' testimony at trial through the use of videoconferencing was warranted, stated that,

> Before proceeding to the merits of this specific issue, the Court notes that there has been an increasing trend by federal courts allowing and by legal commentators advocating for the use of contemporaneous transmission of trial testimony [citations omitted]. *See* Carolyn Hertzberg, *Clever Tool or Dirty Pool?: WPPSS, Closed Circuit Testimony and the Rule 45(e) Subpoena Power,* 21 Ariz. St. L.J. 275 (1989); *cf.* Cathaleen A. Roach, *It's Time to Change the Rule Compelling Witness Appearance at Trial: Proposed Revisions to Federal Rule of Civil procedure 45(e),* 79 Geo. L.J. 81 (1990). In 1988 and 1989, respectively, in the context of multidistrict litigation, the Western District of Washington, *In re Washington Public Power Supply System Sec. Litig.,* MDL No. 551, 1988 WL 525314 (W.D.Wash. Aug. 9, 1988), and the District of Puerto Rico, *In re San Juan Dupont Plaza Hotel Fire Litig.,* 129 F.R.D. 424 (D.P.R.1989), each allowed the testimony of witnesses through the use of contemporaneous transmission. Subsequently, other courts have also allowed or discussed the availability of trial testimony by contemporaneous transmission. *Dagen v. CFC Group Holdings Ltd.,* No. CIV.A. 00-5682, 2003 WL 22533425 (S.D.N.Y. Nov. 7, 2003); *United States v. Gigante,* 971 F.Supp. 755 (E.D.N.Y.1997); *Duncan v. IBM Corp.,* No. CIV.A. 95-1785, 1996 WL 720106, at *5 (S.D.N.Y.1996). *But see Gulino v. Bd. of Educ. of City Sch. Dist. of N.Y.,* No. CIV.A. 96-8414, 2002 WL 32068971 (S.D.N.Y. Mar. 31, 2003). In fact, one district court even allowed an entire trial to be conducted by contemporaneous transmission. *Edwards v. Logan,* 38 F.Supp.2d 463 (W.D.Va.1999).
>
> Moreover, Rule 43, itself, was specifically amended in 1996 to allow for the use of contemporaneous transmission. *Gigante,* 971 F.Supp. at 757. Furthermore, the advisory committee's notes to the 1996 amendment of Rule 43 recognize the appropriateness of contemporaneous transmission in certain circumstances. Rule 43(a) advisory committee's notes.

*Id.* at 643.

Similarly, in *Dagen v. CFC Group Holdings Ltd.,* 2003 WL 22533425 (S.D.N.Y. 2003), the Court stated,

> Even before the Federal Rules were amended in 1996, "federal trial courts have repeatedly, in civil cases, taken testimony by telephone and closed circuit television. The jury has never had any difficulty in evaluating such testimony." *United States v. Gigante,* 971 F.Supp. 755, 758 (E.D.N.Y.1997) (allowing a witnesss' testimony through closed circuit television would not violate criminal defendant's constitutional right to face-to-face confrontation). *See e.g., U.S. v. Crown,* 1995 WL 600876, *4 (S.D.N.Y.1995) (noting that Judge McHugh allowed defendant's wife to testify via telephone in an immigration hearing); *Ahmad v. Wigen,* 726 F.Supp. 389, 395 (E.D.N.Y.1989) (noting that in an extradition hearing before Judge Korman, an expert witness testified via

telephone from Israel).

While the instant case does not encompass the same extreme circumstances, such as in *Dagen* where the witness was located in Hong Hong, or *In re Vioxx*, where the witness was an upper level officer of defendant corporation, neither do the factual issues (regarding books and records), or nature of the proceeding (motion for default judgment) rise to the same level. The question before the Court is not whether contemporaneous transmission is permissible or valuable, but whether the facts in the present case present an appropriate situation for its use. *In re Vioxx Products Liability Litigation,* 439 F.Supp.2d at 643. Plaintiff respectfully suggests that it does in this case.

Therefore, Plaintiff, United States of America, on behalf of its Agency, the United States Department of Agriculture, respectfully requests the Court grant its motion and allow its witness to testify telephonically at the hearing on Plaintiff's Motion for Default Judgment.

Respectfully submitted,

KML Law Group, P.C.

By: _____
Thomas I. Puleo, Esquire
Pennsylvania Attorney I.D. No. 27615
Suite 5000 – BNY Independence Center
701 Market Street
Philadelphia, PA  19106-1532
(215) 825-6309