## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>                           Plaintiff<br><br>v.<br><br>HOPE J. BELLINO<br>JOSEPH M. BELLINO,<br>                           Defendants | Civil Action No: 16-cv-01384 |

## MEMORANDUM OF LAW

**I. Interest Recapture**

United States Department of Agriculture (USDA) makes loans to low- income applicants who do not have the down payment or income to support conventional lending. *See* 42 U.S.C.A. § 1471 et seq. The USDA provides 100% financing to individuals who could not receive financing through any other program. Each year the borrower is in the program, the USDA analyzes the borrower's income and debts to determine how much of the monthly mortgage payment the borrower is capable of paying. Based on this analysis, a portion of the monthly mortgage payment (almost always comprised solely of interest) is subsidized by the USDA; the remainder of the monthly mortgage payment is paid by the borrower. This subsidy accumulates monthly and changes yearly based on the analysis of the borrower's income and debts.

The hope of this USDA program is that the borrower's income will rise and the USDA can reduce the subsidy, until eventually the borrower can afford the entire payment. The subsidy can be forgiven in part or in whole when if the loan is refinanced through conventional financing or through a sale. In those cases, the USDA has a formula to determine how much of the subsidy is due and how much is forgiven; this is considered "sharing in the equity." *See* 7 C.F.R. § 3550.162.

However, when an account enters foreclosure, the amount that has been subsidized is owed back to the USDA. *See* 42 U.S.C.A. § 1490a(a)(1)(B). Section 1490a(a)(1)(B) provides in relevant part:

> ... The Secretary may provide the borrower with assistance in the form of credits so as to reduce the effective interest rate to a rate not less than 1 per centum per annum for such periods of time as the Secretary may determine for applicants described in subparagraph (A) if without such assistance such applicants could not afford the dwelling or make payments on the indebtedness of the rental or cooperative housing.

Section 1490a(a)(1)(D) further provides, in relevant part:

> ... The Secretary shall provide for the recapture of all or a portion of such assistance rendered upon the disposition or nonoccupancy of the property by the borrower. ... [A]ny such assistance whenever rendered shall constitute a debt secured by the security instruments given by the borrower to the Secretary to the extent that the Secretary may provide for recapture of such assistance.

The total accrued subsidy constitutes the "interest recapture" that is seen throughout the loan and foreclosure documents. The borrowers are advised of this procedure when they apply for the loan, and when each borrower applies and accepts a USDA loan, they sign a "Subsidy Repayment Agreement" which explains, in detail, the above process. The amount of the "interest recapture" in this case, and the manner in which it was calculated is set forth in an statement of account.

## IV. Fees Currently Assessed and Fees Required with Payoff Funds

The other fees included in the Plaintiff's Motion for Default Judgment include the sum of $10,375.05 which consists of negative escrow charges for real estate taxes, hazard insurances of $9,796.32 which have been assessed against the loan ("Fees Currently Assessed"), and fees required with payoff funds in the amount of $715.09, which is the amount of interest charged on the assessed fees based upon the note rate (which in this case is 5.75%) from the date they have been

incurred.

Plaintiff respectfully requests that this Honorable Court grant Plaintiff's Motion for Default Judgment in the amount prayed for.

Respectfully submitted,

By: *[signature]*
Thomas I. Puleo, Esquire
Pennsylvania Attorney I.D. No. 27615
Suite 5000 – BNY Independence Center
701 Market Street
Philadelphia, PA  19106-1532
(215) 825-6309

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>                    Plaintiff<br><br>v.<br><br>HOPE J. BELLINO<br>JOSEPH M. BELLINO,<br>                    Defendants | Civil Action No:  16-cv-01384 |

## CERTIFICATE OF SERVICE

I do hereby certify that service of the foregoing Accounting of Interest Recapture, Memorandum of Law, and Certificate of Service was made upon the following persons by mailing a true and correct copy thereof, postage prepaid, on this 1 day of February, 2017, addressed as follows:

HOPE J. BELLINO and JOSEPH M. BELLINO
517 North Holly Street
Elizabethtown, PA 17022

HOPE J. BELLINO
1117 Shady Lane
Bedford, TX 76021

                                                    Respectfully submitted,

                                                    KML Law Group, P.C.

                                                    By: _____
                                                    Jillian Hill, Legal Assistant
                                                    Suite 5000 – BNY Independence Center
                                                    701 Market Street
                                                    Philadelphia, PA  19106-1532
                                                    (215) 825-6305