IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | |
| vs. | : | NO. 16-1384 |
| | : | |
| HOPE J. BELLINO, et al., | : | |
| Defendants | : | |

**O R D E R**

**AND NOW**, this 2nd day of February, 2017, upon consideration of the plaintiff's motion for default judgment (Document #5), and after a hearing on the motion, IT IS HEREBY ORDERED that:

1. The plaintiff's motion for judgment is GRANTED. Judgment is ENTERED in favor of Plaintiff United States of America, and against Defendants Hope J. Bellino and Joseph M. Bellino in the amount of $225,811.00 plus interest at the rate of $24.55 per day from January 31, 2017 to the date of any Marshal's Sale or other sale of the property.

2. The promissory note and mortgage between the plaintiff and the defendants are foreclosed as to the property located at 517 North Holly Street, Elizabethtown, PA, 17022. In accordance with the provisions of the National Housing Act, there is no right of redemption in the mortgagor or any other person. 12 U.S.C. § 1701(k); <u>U.S. v. Forest Glen Senior</u>, 278 F.Supp. 343 (D. Or. 1967).

3. The property be sold as follows:

(a) The United States Marshal for the Eastern District of Pennsylvania is directed to sell the property for cash to the highest bidder at a public, judicial sale

pursuant to Title 28 U.S.C. § 2001, within 180 days of the date of this Order. Notice must be given once a week for four consecutive weeks prior to the sale in one newspaper regularly issued and of general circulation in the county and judicial district where the property is situated pursuant to 28 U.S.C. § 2002. To reduce the costs and expense of the sale, the plaintiff may advertise a short description of the property rather than a complete legal description.

        (b) Ten percent (10%) of the highest bid must be deposited in certified check or cashier's check with the United States Marshal by the bidder immediately upon the property being struck down to the bidder. The balance of the purchase money must be paid in certified or cashier's check by the highest bidder to the Marshal within ten (10) days after the sale is confirmed by the court, without demand for the same being made by the Marshal. It is the highest bidder's responsibility to ascertain the date of confirmation. If the highest bidder fails to settle, all their rights in the real estate shall cease and be completely void and the property may be re-advertised and sold by the Marshal without further Order of the Court at the risk of the defaulting bidder whose deposit shall be forfeited; and in case of a deficiency on such resale, they shall make good the same to the person thereby injured. The highest bidder shall take the property subject to and is to pay all state and local taxes, water rents or charges, sewer rents, or charges, and municipal claims, and any other claims, charges and liens against the property which are not divested by the Marshal's sale, and shall pay all state, local, and federal transfer taxes and stamps. If the plaintiff is not the successful bidder, the plaintiff will automatically be

registered as the second highest bidder at the judgment amount and may proceed to make settlement with the Marshal in the event of default by the highest bidder.

      (c) Plaintiff United States of America or its nominee is granted right of entry at reasonable times to the property for purposes of pre-sale inspection and Marshal's sale with the right to inspect the house, the books, records, and accounts, all other items, things and information necessary for the inspection, advertisement, and sale of the property.

      (d) Motion for Confirmation of the public sale shall be made by the Marshal or the plaintiff to the court thirty (30) days after the date of sale.

4. Upon confirmation of the sale, the Marshal shall hold the proceeds of the sale after costs and expenses of the sale pending distribution pursuant of further Order of this court.

5. The plaintiff shall be paid the amount adjudged due pursuant to the distribution of the proceeds of the sale.

6. A true copy of this Order and decree shall be delivered to the United States Marshal by the Clerk of Court.

7. Jurisdiction is retained over this matter for the granting of such Orders and decrees as the circumstances may require.

The Clerk of Court is directed to mark this case CLOSED.

BY THE COURT:

*/s/ Lawrence F. Stengel*
LAWRENCE F. STENGEL, J.